No. 7496.

### DAVID S. BRYON VS. ALLEN JUMEL, AUDITOR.

Where a judicial office is legally abolished before the commission and qualification of one elected to perform its duties, such person, never having been commissioned and qualified, cannot recover the salary of the office of which he was never an incumbent.

APPEAL from the Third District Court, parish of Orleans. *Monroe, J.*

D. S. Bryon for plaintiff and appellee :

The relator's case is exactly the same as that of Collens, 30 An. 861, Elmore, not reported, and Moss, 31 An. 142, all three decided in favor of the relators.

H. N. Ogden, Attorney-General, for defendant and appellant :

The opinion of the court was delivered by

MANNING, C. J. The relator was elected the judge of the Superior District Court of this city at the election in November 1876, and prays for a mandamus to the Auditor of Public Accounts compelling him to audit and issue warrants for his salary for the first three quarters of 1878.

By an agreed statement of facts, it appears that the Superior District Court was in existence up to and including January 4, 1877, presided over by another judge than the relator, and that the relator applied to the Governor on the 8th of that month for his commission, which was refused on the ground that there was some doubt whether the court then existed.

This doubt was produced in this way. The legislature had passed an Act abolishing that court, and sent it to the Governor for his approval on March 11, 1876, who did not then approve it, but withheld the bill. The court continued its sittings, but on the assembling of the legislature in January 1877, the Governor approved the bill, and instead of sending

the Act to the legislature sent it to a pseudo-legislature. The General Assembly thereupon provided a new mode of promulgating Acts (Sess. Acts 1877, p. 23) which the Governor had failed to return within the prescribed time, and under that law, this unreturned bill was promulgated on March 15, 1877. Ibid. p. 86. The effect of this was to abolish that court as we held in State *ex rel.* Mercier v. Judge Superior District Court, 29 Annual, 223.

The relator appears to be in some confusion touching dates. His statement of facts gives January 4, 1877 as the day when the repealing bill was passed. It was nearly a year before, viz. March 11, 1876. The date he gives is that on which the Governor sent the approved bill to the wrong body. Its promulgation was legally made on March, 15, 1877, on which day we declared the court to have expired.

His suit is for salary of 1878, the year after the extinction of the court. We are unable to sustain his demand.

The relator's case is unlike Collens', 30 Annual, 861, whose office was a constitutional one to which he had been commissioned ; and unlike Moss' 31 Annual, 142, whose salary was subject to reduction by the legislature. In the former, we held the judge's office could not be abolished and himself deprived of its emoluments—in the latter, that the reduction could not affect an incumbent whose term had commenced before the deduction. The relator's office was created by the legislature and by it abolished, and its abolition was recognised by this court to be complete before the time for which the salary is sued for.

It is therefore ordered and decreed that the judgment of the lower court is reversed, and that the mandamus is refused at the costs of the relator in both courts.

---

## On Rehearing.

WHITE, J. Two propositions of fact are clearly established : 1st. That previous to the election of the relator a bill had passed the General Assembly, abolishing the office to which he was elected ; that the bill at the time of the election was awaiting executive action, and was inchoate, and that it became a law shortly after the election. 2d. That it was promulgated before the relator qualified. These facts, we think, are decisive of the cause, and render it legally impossible that we should grant the relief prayed for. The fundamental difference between this case and those of Collens (30 A. 861), of Moss (31 A. 142), and of Elmore (Opinion Book No.   p.   ) is that here the claim is for the salary of an office of which the relator was never an incumbent, because of his non-qualification, while in the cases cited the claimants had qualified, and were in possession and legal exercise of the judicial functions upon which their claims were based. Whether or not the fact, that the bill

abolishing the office to which he was elected was depending for executive approval at the time of the election, would deprive the relator of his right to the emoluments of the office, had he qualified before the promulgation of the law by which the office was legally abolished, is a question upon which we need express no opinion, as we rest our decree solely on the ground that the absence of the commission and the want of qualification renders it impossible for us to hold that the relator was illegally deprived of the functions of an office which he never held, of which he was never an incumbent. For these reasons, pretermitting all examination of the other issues, we think our former conclusion in all respects correct.

It is therefore ordered that our former decree remain undisturbed.